KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carrillo, | No. CV 05-2398-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

On August 10, 2005, Plaintiff Juan Carrillo, presently confined in the Maricopa County Durango Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1] The Court will order Defendant Arpaio to answer the Complaint.

Plaintiff did not pay the two hundred fifty dollar ($250.00) filing fee, but did file a certified Application to Proceed In Forma Pauperis and inmate account statement.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

**Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

An initial partial filing fee of one dollar and twenty-eight cents ($1.28) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within one hundred twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**Statutory Screening and Complaint**

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion thereof if

1 Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

2,3 Maricopa County Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office are named as Defendants to the Complaint.

4-9 Plaintiff alleges three grounds for relief in the Complaint: 1) inmates receive insufficient and frequently spoiled food in violation of inmates' due process rights; 2) the Jail is severely overcrowded in violation of inmates' right to be free of cruel and unusual punishment; and 3) conditions in the jail are unsanitary in violation of inmates' right to be free of cruel and unusual punishment. These allegations adequately state a claim and the Court will require Defendant Arpaio to file an answer.

**Improper Defendant**

11-16 The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's Office will be dismissed.

**Rule 41 Cautionary Notice**

18-22 Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

23 **IT IS THEREFORE ORDERED** as follows:

24,25 (1) Plaintiff's Application to Proceed In Forma Pauperis, filed with the Complaint, is GRANTED;

26,27 (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action. Plaintiff is assessed an initial partial filing fee of one dollar

1 and twenty-eight cents ($1.28). All fees shall be collected and paid in accordance with this
2 Court's Order to the appropriate government agency filed concurrently herewith;

3 (3) Defendant Maricopa County Sheriff's Office is DISMISSED from this action;

4 (4) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
5 this Order, and both summons and request for waiver forms for Defendant Arpaio;

6 (5) Plaintiff shall complete and return the service packet to the Clerk of Court within
7 twenty (20) days of the date of filing of this Order. The United States Marshal will not
8 provide service of process if Plaintiff fails to comply with this Order;

9 (6) If Plaintiff does not either obtain a waiver of service of the summons or complete
10 service of the Summons and Complaint on Defendant within one hundred twenty (120)
11 days of the filing of the Complaint or within sixty (60) days of the filing of this Order,
12 whichever is later, the action may be dismissed as to the Defendant not served pursuant
13 to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure
14 16.2(b)(2)(B)(i);

15 (7) The United States Marshal shall retain the Summons, a copy of the Complaint,
16 and a copy of this Order for future use;

17 (8) The United States Marshal shall notify Defendant Arpaio of the commencement
18 of this action and request waiver of service of the summons pursuant to Rule 4(d) of the
19 Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this
20 Order. The Marshal shall file waivers of service of the summons or requests for waivers
21 that were returned as undeliverable as soon as they are received. If a waiver of service of
22 summons is not returned by a Defendant within thirty (30) days from the date the request
23 for waiver was sent by the Marshal, the Marshal shall:

24 (a) Personally serve copies of the Summons, Complaint, and this Order upon
25 the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

26 (b) Within ten (10) days after personal service is effected, file the return of
27 service for the Defendant, along with evidence of the attempt to secure a waiver of

28

1  service of the summons and of the costs subsequently incurred in effecting service
2  upon the Defendant.  The costs of service shall be enumerated on the return of
3  service form (USM-285) and shall include the costs incurred by the Marshal for
4  photocopying additional copies of the Summons, Complaint, or this Order and for
5  preparing new process receipt and return forms (USM-285), if required.  Costs of
6  service will be taxed against the personally served defendant pursuant to Rule
7  4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by
8  the Court;

9  **(9) If Defendant agrees to waive service of the Summons and Complaint, Defendant**
10 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

11 (10) Defendant Arpaio shall answer the Complaint or otherwise respond by
12 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
13 the Federal Rules of Civil Procedure;

14 (11) Plaintiff shall serve upon Defendant, or if appearance has been entered by
15 counsel, upon counsel, a copy of every further pleading or other document submitted for
16 consideration by the Court.  Plaintiff shall include with the original document and copy, to
17 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
18 the pleading or document was mailed to Defendant or counsel.  Any paper received by a
19 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
20 may be disregarded by the Court;

21 (12) At all times during the pendency of this action, Plaintiff shall immediately advise
22 the Court and the United States Marshal of any change of address and its effective date.
23 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
24 contain only information pertaining to the change of address and its effective date.
25 Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not
26 include any motions for any other relief.  Failure to file a Notice of Change of Address may
27 result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the
28

1  Federal Rules of Civil Procedure;

2  (13) A clear, legible copy of every pleading or other document filed shall accompany
3  each original pleading or other document filed with the Clerk for use by the District Judge
4  or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
5  will result in the pleading or document being stricken without further notice to Plaintiff; and

6  (14) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to
7  Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

8  DATED this 4th day of November, 2005.

*David G. Campbell*
David G. Campbell
United States District Judge

TERMPSREF

- 6 -